UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| **Mamac Systems, Inc.,** Plaintiff, v. **American Sensor Technologies, Inc.,** Defendant. | Civil Action No. 00-CV-1914 MJD JGL |

ORIGINAL

## CONSENT AGREEMENT AND ORDER

This Consent Agreement and Order is made by and between Plaintiff Mamac Systems, Inc., a Minnesota corporation having a place of business at 7400 Flying Cloud Drive, Eden Prairie, Minnesota, 55344 ("Mamac") and Defendant American Sensor Technologies, Inc., a New Jersey corporation having a place of business at 12 Orben Drive, Unit 1, Landing, New Jersey, 07850, ("AST").

WHEREAS, Plaintiff Mamac and Defendant AST have entered into various agreements, including a Technology Transfer Agreement first executed on December 21, 1999, and now have various disputes arising under the parties' agreements;

TO RESOLVE THESE VARIOUS DISPUTES, IT IS AGREED BETWEEN THE PARTIES, AND BASED UPON THIS AGREEMENT ORDERED BY THE COURT AS FOLLOWS:

FILED SEP 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Jurisdiction. This Court has jurisdiction over Plaintiff Mamac and Defendant AST and over the subject matter in issue.

2. Rescission of Technology Transfer Agreement. Neither party contests the validity of the Technology Transfer Agreement. However, it is agreed between the Parties that no Technology has transfered under the Technology Transfer Agreement. The Technology Transfer Agreement is hereby rescinded in its entirety in favor of this Consent Agreement and Order.

3. Equipment Transfer. On Friday, September 8, 2000, Defendant AST shall relinquish possession of the Mamac equipment and tooling in AST's possession, detailed in the Mamac Purchase Orders nos. 32899 and 33213 dated July 9, 1999 and August 2, 1999 for delivery to Mamac Systems. The equipment shall contain the components and software originally provided by the equipment vendors to AST, and shall not contain any of AST's proprietary software or technology, but otherwise shall be in full working order as delivered by the equipment vendors with the capability for calibration and compensation of Mamac Exclusive Pressure Sensors. Mamac shall dispatch a private courier service to AST's facility in Landing, New Jersey to crate the equipment beginning at or about 2:00pm EDT and have the equipment transported. Through agreement with AST as to a reasonable time, manner and expense of inspection, which agreement may include splitting the cost of a third party inspector or splitting airfare costs for a representative of Mamac to travel to AST's facility, Mamac may inspect the equipment at AST's facility to verify that the equipment is in working order. Mamac shall be responsible for crating, transporting, insuring during

transport and reinstalling the equipment. Whether or not Mamac chooses to inspect the equipment, AST shall have no responsibility to Mamac for any damage to the equipment during crating or transport to Mamac's facility or during installation of the equipment at Mamac's facility. In the event of any claim by Mamac that the equipment is not in full working order as delivered by the equipment vendors with the capability for calibration and compensation of Mamac Exclusive Pressure Sensors, Mamac shall process the claim through the appropriate vendor(s), transporter(s) and insurance company(ies), and AST shall not be responsible unless the damage is shown to have been intentionally caused by AST. Mamac shall provide AST with copies of the claims letters and the responses thereto.

4. Document Transfer. By Friday, September 8, 2000 and prior to taking possession of the Mamac equipment and tooling, Plaintiff Mamac shall return to Plaintiff AST all originals and copies of documents AST provided to Mamac Systems regarding fused silicon sensor technology representing the "AST process", and any and all documents created directly therefrom.

5. Payment by Mamac. By Friday, September 8, 2000 and prior to taking possession of the Mamac equipment and tooling, Mamac shall deliver to AST the outstanding balance of seven thousand five hundred and ninety eight dollars and ninety seven cents ($7,598.97) for Mamac's purchase of Mamac Exclusive Pressure Sensors from AST.

6. AST's Product Warranty. AST's limited warranty that the Mamac Exclusive Pressure Sensors delivered to Mamac are free from defect in material and workmanship continues unchanged for a period of one (1) year after product delivery.

7. Non-compete. AST agrees not to sell, for a period of nine months following AST's signing of this Consent Agreement and Order, without Mamac's written consent, fused silicon sensors to any of the following thirteen companies: Kele & Associates, Automation Components, Inc. Building Automation Products, Inc., Greystone, Sontay, Siebe Environmental Controls, Honeywell, Inc., Johnson Controls, Inc., Measurement Specialties, Inc., Dresser Industries, Texas Instruments, Kavlico, and Dwyer Industries, which AST has reason to know will be used in the HVAC pressure transducer industry.

8. Injunctive Relief. AST acknowledges and agrees that any breach of its obligations under Paragraph 7 of this Agreement would result in damages to Mamac which cannot be adequately compensated by a monetary award alone. Accordingly, AST agrees that, in addition to all other remedies available to Mamac at law or in equity, Mamac shall be entitled to apply for a temporary restraining order, preliminary injunctive relief, or other such form of injunctive relief as may be granted by a court of competent jurisdiction to restrain or enjoin AST from breaching Paragraph 7 of this Agreement.

9. Additional Writings, etc. Mamac and AST agree that, upon request and without additional consideration, but at the expense of the requesting party, each will execute such additional writings and do such additional acts as the other party, its successors and assigns, may deem desirable to perfect the enjoyment of this Agreement.

10. Warranties and Covenants. AST represents, warrants and covenants to Mamac that:

a. AST has not misappropriated any trade secrets in obtaining, developing or designing the AST fused silicon sensor technology;

b. AST is aware of no patents which would prevent or restrict AST from practicing the AST fused silicon sensor technology anywhere in the world, or of any patents under which AST requires a license or ownership interest to practice the AST fused silicon sensor technology;

c. The AST fused silicon sensor technology does not infringe any copyright of any third party, and that AST owns the copyright in or has obtained a license to reproduce, distribute and create derivative works of all works of authorship in the AST fused silicon sensor technology which are not in the public domain; and

d. The AST fused silicon sensor technology is free and clear of all claims, liens, obligations or encumbrances of any kind.

Mamac represents, warrants and covenants to AST that:

a. Mamac is aware of no patents which would prevent or restrict AST from practicing the AST fused silicon sensor technology.

11. Indemnification. Each party (the "indemnifying party") hereby agrees that it shall be liable to the other party (the "indemnified party") for any and all costs, liabilities, losses, expenses and damages (including attorneys' fees, costs, and expert witnesses' fees) arising out of or in connection with any claim that resulted from a breach by the indemnifying party of any of its warranties and covenants set forth in paragraph 10 of this Consent Agreement and Order. This provision is intended to apply in the event a claim is brought by a third party against Mamac or AST which results from a breach of the warranties and covenants set forth in paragraph 10 ("Claim"). In the event of a Claim, the party subject to the Claim shall defend against the Claim and shall provide the other party reasonably prompt notice in writing of the Claim and the opportunity to associate at its own cost in the defense of the Claim. In the event the party subject to the Claim is unsuccessful against the third-party, an action may be commenced under this provision and the indemnified party shall have the burden of proving a breach of the warranties and covenants. The full limit of the indemnity provided under this paragraph shall not exceed a total dollar amount of two hundred thousand dollars ($200,000.00).

12. No Prior Assignment. AST and Mamac each separately represent and warrant that they have not sold, transferred, pledged, assigned or otherwise conveyed any claim, demand, cause or action, or right that it may have against the other.

13. Choice of Law, Venue, Jurisdiction. This Consent Agreement and Order shall be construed in accordance with the laws of the State of Minnesota and applicable U.S. federal law,

exclusive of choice and conflict of law rules. All claims and/or lawsuits in connection with this Consent Agreement and Order must be brought in the United States District Court for the District of Minnesota, Third Division wherein exclusive venue shall lie. This Court shall retain jurisdiction over the subject matter of this Consent Agreement and Order, and the parties hereto, to enforce the rights and obligations of the parties under this Consent Agreement and Order.

14. Severability. If any provision of this Consent Agreement and Order shall be held invalid or unenforceable, such invalidity or unenforceability shall attach only to such provision and shall not in any manner affect or render invalid or unenforceable any other provisions of this Consent Agreement and Order. This Consent Agreement and Order shall be carried out as if any such invalid or unenforceable provisions are not contained herein, and in place thereof, the parties desire that a court of competent jurisdiction reform such part, term or provision in such manner as to approximate the intent of the parties as expressed in this Consent Agreement and Order. Failure by either party to enforce any provision of this Consent Agreement and Order will not be deemed a waiver of future enforcement of that or any other provision.

15. Covenant Not To Sue. In consideration of this Consent Agreement and Order, Mamac and AST, on behalf of themselves and their subsidiaries, affiliates, predecessors, successors, subrogees and assigns and their officers, directors, shareholders, employees, representatives, agents and attorneys, permanently and completely covenant not to sue each other for any and all claims, demands, liabilities, suits and causes of action of any kind, asserted or unasserted regarding anything

known to have happened up to and including the date of this Consent Agreement and Order, except that this covenant not to sue does not apply to the limited one-year warranty on the sensors that Mamac has purchased from AST which shall remain in full force and effect on each sensor for the remainder of the sensor's warranty period.

16. Free Negotiation. The terms and conditions of this Consent Agreement and Order have been negotiated fully and freely among the parties. Accordingly, the preparation of this Consent Agreement and Order by counsel for a given party will not be material to the construction hereof, and the terms of this Consent Agreement and Order shall not be strictly construed against such party.

17. Entire Agreement. This Consent Agreement and Order constitutes the entire understanding between the parties regarding the subject matter hereof. No prior or present agreements or representations regarding the subject matter hereof shall be binding upon any of the parties hereto unless incorporated in writing in this Consent Agreement and Order. No modification or change in this Consent Agreement and Order shall be valid or binding upon the parties unless in writing and executed by the parties to be bound thereby.

18. Confidentiality. While recognizing that court documents are public documents, both AST and Mamac agree that they will not disclose to third parties the fact of the actions, any of the documents submitted to any court in connection with any legal dispute between the parties, or any

details, provisions or statements contained therein. Each party is permitted to disclose the Consent Agreement and Order or its contents, if necessary, to its accountants and auditors, and AST is permitted to disclose the contents of paragraph 7 to its sales agents or sales representatives. In response to any specific inquiries from third parties, each party may state only that "any legal dispute was resolved".

19. Dismissal. Upon entry of this Consent Agreement and Order, this action is dismissed in its entirety, with prejudice. Each party shall bear its own costs and fees.

20. Authority. The representative of the Parties signing this Consent Agreement and Order hereby represent and warrant that they and each of them are duly authorized and empowered to act on behalf of and sign this Consent Agreement and Order for the party or whom they have signed. The Parties represent and warrant to the extend applicable: (a) that they are duly organized and validly existing in good standing under the laws of one of the States of the United States; (b) that they have taken all necessary action to duly approve the making and performance of this Agreement, and no further approval is necessary; (c) that the making and performance of this Agreement will not violate any provision of the respective articles of incorporation or corporate by-laws; (d) that they have read this Agreement and know the contents hereof, that the terms are contractual and not by way of recital; and (e) that they have signed this Agreement of their own free act.

21. Signatories. Each of the terms of this Consent Agreement and Order are binding upon each of the Parties hereto, their respective predecessors, successors, transferees, subrogees, and assigns.

22. Facsimiles and Photocopies. This Consent Agreement and Order may be transmitted by facsimile, and it is the intent of the parties for the facsimile (or a photocopy thereof) of any signature printed by the receiving facsimile machine to be an original signature and for the facsimile (or a photocopy thereof) and any complete photocopy of the Consent Agreement and Order to be deemed as an original counterpart.

IN WITNESS WHEREOF, the respective parties have entered into and executed this Consent Agreement and Order, and manifest their intent to be fully bound by the terms of this Consent Agreement and Order by subscribing their signatures below.

Mamac Systems, Inc.

Date: ________________________ By:________________________________________

S. Asim Gul, President

American Sensor Technologies, Inc.

Date: ________________________ By:________________________________________

Richard Tasker, President

CONSENT AGREEMENT AND ORDER
Page 10

21. Signatories. Each of the terms of this Consent Agreement and Order are binding upon each of the Parties hereto, their respective predecessors, successors, transferees, subrogees, and assigns.

22. Facsimiles and Photocopies. This Consent Agreement and Order may be transmitted by facsimile, and it is the intent of the parties for the facsimile (or a photocopy thereof) of any signature printed by the receiving facsimile machine to be an original signature and for the facsimile (or a photocopy thereof) and any complete photocopy of the Consent Agreement and Order to be deemed as an original counterpart.

IN WITNESS WHEREOF, the respective parties have entered into and executed this Consent Agreement and Order, and manifest their intent to be fully bound by the terms of this Consent Agreement and Order by subscribing their signatures below.

Mamac Systems, Inc.

Date: 9/7/00 By: [signature]
S. Asim Gul, President

American Sensor Technologies, Inc.

Date: 7 Sep 00 By: [signature]
Richard Tarter, President



RECEIVED TIME SEP. 7. 4:01PM PRINT TIME SEP. 7. 2:25PM
Received Time Sep. 7. 4:55PM
** TOTAL PAGE.02 **

The foregoing Consent Agreement and Order is hereby submitted to the Court by the parties through their counsel:

Date: ______________________ By: ______________________________

KINNEY & LANGE, P.A.
By: Jeffrey D. Shewchuk, Esq.
312 South Third Street
Minneapolis, Minnesota 55415
(612) 339-1863; (612)339-6580 (facsimile)

ATTORNEYS FOR PLAINTIFF MAMAC SYSTEMS, INC.

Date: ______________________ By: ______________________________

GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMEL LLP
By: Carlton T. Spiller, Esq.
99 Wood Avenue South
Iselin, New Jersey 08830

ATTORNEYS FOR DEFENDANT AMERICAN SENSOR TECHNOLOGIES, INC.

DONE AND ORDERED , this 14th day of Sept, 2000.

Michael J. Davis

Honorable Michael J. Davis,
United States District Judge, District of Minnesota

The foregoing Consent Agreement and Order is hereby submitted to the Court by the parties through their counsel:

Date: September 8, 2000 By: ______________________

KINNEY & LANGE, P.A.
By: Jeffrey D. Shewchuk, Esq.
312 South Third Street
Minneapolis, Minnesota 55415
(612) 339-1863; (612)339-6580 (facsimile)

ATTORNEYS FOR PLAINTIFF MAMAC SYSTEMS, INC.

Date: Sept. 7, 2000 By: ______________________

GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMEL LLP
By: Carlton T. Spiller, Esq.
99 Wood Avenue South
Iselin, New Jersey 08830

ATTORNEYS FOR DEFENDANT AMERICAN SENSOR TECHNOLOGIES, INC.

DONE AND ORDERED, this _____ day of _____________, 2000.

______________________________

Honorable Michael J. Davis,
United States District Judge, District of Minnesota

**CERTIFICATE OF SERVICE**

I hereby certify that I am over 18 years of age, am an employee of Kinney & Lange, P.A., and am not a party to this action, and that on September 8. 2000 a copy of the foregoing document:

CONSENT AGREEMENT AND ORDER

was sent via First Class Mail to:

Carlton T. Spiller, Esq.
GREENBAUM, ROWE, SMITH, RAVIN,
DAVIS & HIMMEL LLP
99 Wood Avenue South
Iselin, New Jersey 08830

I certify under penalty of perjury that the foregoing is true and correct. Executed this 8th day of September, 2000.

Teri A. Mares

ORIGINAL